## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-14043-CR-MOORE(GRAHAM)/LYNCH(s)

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

**RICHARD JOSEPH SHERMAN,**

      **Defendant.**

_____/



FILED by ____ D.C.

AUG 1 1 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON
### APPROPRIATENESS OF COUNSEL'S CJA VOUCHER
### FOR ATTORNEY'S FEES [VOUCHER #FLS 09-1756]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the submissions in support thereof filed by David J. Joffe, Esquire, as attorney for the Defendant Richard Joseph Sherman, as well as a copy of Mr. Joffe's letter to Judge Moore explaining the underlying nature of the case, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    Counsel for the Defendant seeks reimbursement of $15,659.50 as reasonable attorney's fees for the hours spent as more particularly set forth in the CJA voucher at the rate of $110 and $125 respectively depending upon the dates upon which the attorney's fees tasks were performed.  Additionally, Mr. Joffe seeks reimbursement of costs in the amount of $1,103.95 which are delineated and substantiated in the attached CJA voucher.

    2.    This Court has reviewed the voucher as well as the attachments submitted by Mr. Joffe as referenced above.  This Court has reviewed the docket sheet and is familiar with this case based upon having handled the pretrial matters.  It is not necessary to

conduct an evidentiary hearing based upon this Court's familiarity with this case. Additionally, this is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3.	The attorney's fees sought by Mr. Joffe exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether this matter is "extended" or "complex" as defined in the statute. Extended is defined as a case requiring more time than normal. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4.	The Defendant was charged in a Superseding Indictment with conspiracy to interfere with interstate commerce and bank robbery. He and three co-defendants were named in the Superseding Indictment returned herein. The Defendant appeared before this Court for his initial appearance on December 11, 2009. At that time this Court appointed CJA counsel, David Joffe, to represent the Defendant. The Defendant was detained shortly thereafter at a detention hearing held on December 18, 2009.

5.	This Court notes that according to the docket sheet, there were six responses to the Standing Discovery Order concerning evidence which needed to be reviewed by counsel for the Defendant in preparation for trial. Further, this matter did proceed to a jury trial which lasted four days and resulted in the Defendant's acquittal. The jury's verdict was returned on June 11, 2010.

6.	Based upon this Court's review of the detailed time records attached by Mr. Joffe as well as this Court's knowledge of the case in handling the pretrial matters, this was not the usual matter. As mentioned, this resulted in a four day jury trial at the conclusion of which the Defendant was acquitted. There were voluminous discovery responses which

2

are more than this Court sees in a normal case. Based upon this, the Court finds that the case was extended. It may have only taken seven months to conclusion, but there were several discovery responses and issues to be resolved which concluded in a four day jury trial.

7.     In determining whether or not the matter is complex, this Court must look to the underlying charges for which the Defendant was indicted in a Superseding Indictment. The tasks performed as set forth in Mr. Joffe's attachments all seem to be reasonable and necessary in light of the seriousness of the charges facing the Defendant. This Court heard testimony during the pretrial detention hearing concerning several bank robberies where these individuals were purportedly involved outside of the Southern District of Florida. This evidence of other purported robberies would have to have been addressed by Mr. Joffe as well as the underlying charges in the Superseding Indictment in this matter. This Court can find no time which should be deducted from Mr. Joffe's time records. Each entry which has been reviewed by this Court seems to be reasonable as to the tasks performed and the amount of time devoted to that particular task in light of the totality of the facts which this Court is aware of in this particular case. Since no time can be deducted by this Court, this Court finds that Mr. Joffe should be fully compensated with the time he has devoted to representing the Defendant in this case. Additionally, mileage and other miscellaneous charges are costs which appear to have been reasonably incurred in this matter. Mr. Joffe should be reimbursed for those as well.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 09-1756 be **GRANTED** and that Mr. Joffe be awarded the sum of $15,659.50 as

3

reasonable attorney's fees together with costs in the amount of $1,103.95, for a total sum of $16,763.45.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this ___// 7ᵗ⁴__ day of August, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
David J. Joffe, Esq.
Lucy Lara, CJA Administrator